IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WILLIAM O. SPIVEY, #K-81482, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 10-cv-925-JPG |
| | ) | |
| LT. DEAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, an inmate in the Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke*

1

*v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Upon careful review of the complaint and any supporting exhibits, the Court finds that the claims in the complaint may be dismissed at this point in the litigation.

**Facts:**

The following version of the facts of this case is gleaned from Plaintiff's complaint (Doc. 1). On some unspecified date Defendants Lt. Dean, Baker, and John Doe 3rd Shift Correctional Officer began harassing Plaintiff because he made himself look like a woman, and threatened to put Plaintiff in segregation for violating prison rules. Defendants are further attempting to get other inmates to attack Plaintiff out of retaliation for Plaintiff's filing of numerous other suits against prison personnel.

**Discussion:**

Plaintiff alleges that the harassment he has received from Defendants Lt. Dean, Baker, and John Doe 3rd Shift Correctional Officer violate his right to be free from cruel and unusual punishment. However,

> the use of derogatory language, while unprofessional and deplorable, does not violate the Constitution. *See Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir. 1987); *accord Williams v. Bramer*, 180 F.3d 699, 706 (5th Cir.), *clarified on rehearing*, 186 F.3d 633 (5th Cir. 1999). Simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws. *See Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) (per curiam) (Eighth Amendment); *Patton*, 822 F.2d at 700 (due process); *Williams*, 180 F.3d at 705-06 (equal protection).

*DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). *See also Antoine v. Uchtman*, 275 Fed.Appx.

539, 541 (7th Cir. 2008) ("[T]he Constitution does not compel guards to address prisoners in a civil tone using polite language."). Although the harassing behavior by Defendants Lt. Dean, Baker, and John Doe 3rd Shift Correctional Officer may not meet the professional standards our society may wish correctional officers to exhibit, it has not violated Plaintiff's constitutional rights. For this reason, this claim is dismissed with prejudice.

Plaintiff further alleges that Defendants Lt. Dean, Baker, and John Doe 3rd Shift Correctional Officer attempted to get other inmates to attack him in retaliation for cases Plaintiff has filed against the institution. Not every claim for retaliation made by a prisoner who has filed a lawsuit states a claim for retaliation. The prisoner must allege "a chronology of events from which retaliation may plausibly be inferred." *Cain v. Lane,* 857 F.2d 1139, 1143 (7th Cir. 1988) *(discussing Murphy v. Lane,* 833 F.2d 106, 108-09 (7th Cir.1987) (holding that the plaintiff's complaint "set forth a chronology of events from which retaliatory animus on the part of defendants could arguably be inferred" sufficient to overcome a motion to dismiss)). *See also Benson v. Cady,* 761 F.2d 335, 342 (7th Cir.1985) (noting that "alleging merely the ultimate fact of retaliation is insufficient"). Absent such a chronology, a prisoner has not adequately stated a cause of action for retaliation. *See Cain v. Lane,* 857 F.2d 1139, 1143 (7th cir. 1988).

Plaintiff has not set forth a chronology of events from which the Court can infer that Defendants Lt. Dean, Baker, and John Doe 3rd Shift Correctional Officer acted to retaliate against Plaintiff. Plaintiff alludes to prior cases he has filed, but does not identify these Defendants as party to those suits or even provide a link between these suits and the named Defendants. Further, Plaintiff does not allege that he received an injury, but simply states that these Defendants are "trying" to get other inmates to attack him. The link between Plaintiff's filed suits and the Defendants' alleged

conduct is too tenuous to uphold a claim of retaliation. For this reason, this claim is dismissed with prejudice.

**Disposition:**

**IT IS HEREBY ORDERED** that Plaintiff's complaint is **DISMISSED**, with prejudice, pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted. This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g). Defendants **LT. DEAN, BAKER,** and **JOHN DOE 3RD SHIFT CORRECTIONAL OFFICER** are **DISMISSED** from this action with prejudice.

**IT IS SO ORDERED.**

**DATED: March 28, 2011**

*s/J. Phil Gilbert*
**United States District Judge**